JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CQ PARTNERS, LLC,

## DEFENDANTS
LAKE FOREST HEARING PROFESSIONALS, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lake County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William R. Cruse, Esquire- Blank Rome LLP
One Logan Square, 130 N. 18th Street, Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1)
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   10/29/2025
SIGNATURE OF ATTORNEY OF RECORD   /s/ William R. Cruse

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Illinois/Pennsylvania (Contract Dispute)__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief **see certification below**
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (*Please specify*):_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CQ PARTNERS, LLC,<br><br>                 Plaintiff,<br>v.<br><br>LAKE FOREST HEARING PROFESSIONALS, LLC AND DR. LORI ANN HALVORSON,<br><br>                 Defendants. | Civil Action No.: 25-<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff CQ Partners, LLC ("CQ"), by and through its undersigned counsel, hereby files this Complaint against Defendants Lake Forest Hearing Professionals, LLC and Lori Ann Halvorson for breach of contract and alleges as follows.

## PARTIES

1. Plaintiff, CQ is a Delaware limited liability company, with its principal place of business located at 225 Wilmington West Chester Pike, Suite 300, Chadds Ford, PA 19317. The sole member of CQ Partners, LLC is Oticon, Inc., which is a California corporation with its principal place of business in New Jersey.

2. CQ is the assignee of certain assets of Your Hearing Network, LLC, formerly known as American Hearing Aid Associates, including the outstanding accounts receivables at issue in this Complaint.

3. Upon information and belief, Defendant Dr. Lori Halvorson ("Dr. Halvorson") is an Illinois resident domiciled at 242 Leonard Wood South, Apt. 112 Highland Park, IL 60035.

4. Upon information and belief, Defendant Lake Forest Hearing Professionals, LLC

("Lake Forest") is an Illinois limited liability company with its principal place of business located at 225 E Deerpath Road, Suite 223, Lake Forest, IL 60045, and no member of its limited liability company is a resident/citizen of Pennsylvania, Delaware, New Jersey, or California.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because it is a civil action between citizens of various States within the United States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Defendants consented to jurisdiction and venue in this Court pursuant to the "Application for Membership" to American Hearing Aid Associates ("**AHAA**"), which is attached hereto as **Exhibit A**. *See also Polytek Dev. Corp. v. 'Doc' Johnson Enters.*, 532 F. Supp. 3d 243, 251 (E.D. Pa. 2021).

## FACTS

A. The Agreement

8. On or about June 8, 2004, on behalf of her audiology practice, Lake Forest, Dr. Halvorson submitted that certain **AHAA** in order to become eligible to access discounted hearing aid pricing and a variety of other services offered by AHAA, such as marketing support and business consulting. *See* true and correct copy of the "Application for Membership" (the "**Application for Membership**" or the "**Agreement**"), attached hereto as **Exhibit "A."**

9. Included in the Application for Membership was a "Purchase Agreement" which set forth the terms by which any purchases made by Lake Forest from AHAA would be governed. *Id.* at "**Purchase Agreement**" Section.

10. Also included in the Application for Membership was a personal guaranty by Dr. Halvorson, in which she agreed: "For and in consideration of AHAA extending credit at my request

2

to the above-named company, the undersigned personally guarantees to AHAA the payment of such company's obligations to AHAA." *Id.* at "**Personal Guaranty**" Section.

11. The Agreement provided that "upon approval of membership, the undersigned applicant will be eligible to purchase merchandise and services from AHAA," and that "payment for all purchases of merchandise and services from AHAA is due the last day of the month following the invoice date." *Id.* at "**Sales**" and "**Terms of Payment**" Sections.

12. With regard to default, the Agreement provided that "[f]ailure by [Lake Forest] to make payment when due is a default and upon the happening of such a default all sums due from [Lake Forest] shall forthwith become due and payable without further notice and AHAA may proceed at once to effect collection by any available means." *Id.* at "**Default and Remedies**" Section.

13. The Agreement further provided: "A Finance Charge of 1.5% per month will be imposed on overdue invoices." *Id.* at "**Finance Charge**" Section.

**B. Defendants' Default**

14. For many years, Lake Forest purchased and paid for hearing aids and hearing aid accessories from AHAA. However, beginning in 2016, while continuing to make purchases from AHAA, Lake Forest's payments became inconsistent and incomplete, and therefore, it began to carry overdue balances.

15. Lake Forest continued to make significant purchases from AHAA and later, to its successor CQ, and incur additional amounts due to CQ through June 2022.

16. Lake Forest continued to make partial payments on the amounts owed; however, as of July 2022, Lake Forest failed to make payments, other than in nominal amounts, toward the seven-figure outstanding principal balance due to CQ.

17. Accordingly, Lake Forest is in default under the terms of the Agreement based upon its failure to pay.

18. CQ has attempted to negotiate with Lake Forest in a good faith attempt to resolve this dispute, to no avail.

19. The total principal amount due to CQ is **$1,113,052.49**. *See* CQ accounting records attached hereto as **Exhibit "B"**.

20. The total interest due to CQ, at the rate of 1.5% per month, is **$1,353,464.04**. *Id.*

21. CQ is also entitled to 25% of the amounts due in attorneys' fees in the amount of **$616,629.132**. *Id.*; *see also* Agreement at "**Default and Remedies**" Section.

22. Therefore, the total amount owed to CQ is **$3,083,145.66** ("Outstanding Obligation"). *Id.*

23. Upon default of Lake Forest, Dr. Halvorson became personally liable for amounts due and owing to CQ. *See* **Member Agreement** at "**Personal Guaranty**" Section.

24. To date, Dr. Halvorson and Lake Forest have failed to satisfy the amounts due and owing to CQ.

25. However, Defendants have acknowledged the Outstanding Obligation due under the Membership Agreement, including as recently as April 26, 2023.

## COUNT ONE – BREACH OF CONTRACT
(Against Defendant Lake Forest)

26. CQ realleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

27. Defendant Lake Forest executed the Agreement in favor of CQ.

28. The Agreement is a valid, enforceable contract between CQ and Defendant Lake Forest.

29. Defendant Lake Forest defaulted on its payment obligations under the Agreement. Pursuant to the Agreement, the Defendant Lake Forest owes CQ the Outstanding Obligation. Defendant Lake Forest remains in default.

30. CQ accelerated the Outstanding Obligation and demanded payment from Defendant Lake Forest.

31. Defendant Lake Forest has refused CQ's demands and has failed to pay CQ the Outstanding Obligation.

32. CQ has performed all of its obligations under the Agreement.

33. As a proximate result of Defendant's breach of its respective payment obligations under the Agreement, CQ has been damaged in an amount not less than the Outstanding Obligation, plus accrued and continually accruing interest, fees, costs and expenses.

**COUNT TWO – BREACH OF CONTRACT**
(Against Defendant Dr. Lori Ann Halvorson)

34. CQ realleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

35. Defendant Dr. Lori Ann Halvorson executed a Personal Guaranty in favor of CQ.

36. The Personal Guaranty is a valid, enforceable contract between CQ and Defendant Dr. Lori Ann Halvorson.

37. Defendant Dr. Lori Ann Halvorson breached her obligations to CQ by, among other things, failing to cure Defendant Lake Forest's default, despite notice and demand.

38. CQ has performed all of its obligations under the Agreement.

39. As a proximate result of Defendant's breach of its respective payment obligations under the Agreement, CQ has been damaged in an amount not less than the Outstanding Obligation, plus accrued and continually accruing interest, fees, costs and expenses.

### COUNT THREE – ALTERNATIVELY, UNJUST ENRICHMENT
(Against Defendants)

40. CQ realleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

41. In the alternative, CQ pleads a claim against Defendants for unjust enrichment.

42. Defendants received the benefit of CQ's services, and it would be unconscionable for Defendants to retain the benefit of CQ's services.

43. Moreover, Defendants have made promises to CQ that they would pay the Outstanding Obligation by negotiating with Plaintiff in good faith to craft a mutually acceptable payment plan to address Defendants' obligations under the Membership Application.

44. As such, Defendants received a benefit from CQ, they appreciated that benefit, and accepted the benefit of CQ's services.

45. Therefore, under the doctrine of unjust enrichment, CQ is due compensation from Defendants in an amount not less than the Outstanding Obligation, plus accrued and continually accruing interest, fees, costs and expenses.

### PRAYER FOR RELIEF

**WHEREFORE**, CQ Partners, LLC demands entry of judgement in its favor and against Defendants Lake Forest Hearing Professionals, LLC, and Dr. Lori Ann Halvorson, in amount to be determined at trial, plus accrued and continually accruing prejudgment and post judgment interest, fees, costs and expenses, and all other amounts recoverable under the Agreement, and such

other relief as is just and equitable.

Dated: October 29, 2025                    **BLANK ROME LLP**


By: */s/* William R. Cruse
William R. Cruse (PA Bar No. 299576)
David Tambussi (PA Bar No. 330950)
One Logan Square, 130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
William.Cruse@blankrome.com
David.Tambussi@blankrome.com

*Attorneys for Plaintiff CQ Partners, LLC*